UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

--------------------------------------X
MICHAEL ANTHONY SELEMBO,

                                        **MEMORANDUM  AND  ORDER**

                    Plaintiff,          19-CV-2902 (KAM)

    -against-


COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.
--------------------------------------X

**KIYO A. MATSUMOTO, United States District Judge:**

        Pursuant to 42 U.S.C.§ 405(g), Michael Anthony Selembo

("Plaintiff") appeals the final decision of the Commissioner of

Social Security ("Defendant"), which found that Plaintiff was

not eligible for disability insurance benefits ("DIB") under

Title II of the Social Security Act ("the Act") on the basis

that Plaintiff is not disabled within the meaning of the Act.

Plaintiff alleges that he is disabled under the Act and is thus

entitled to receive the aforementioned benefits.  Specifically,

Plaintiff contends that because the Administrative Law Judge

("ALJ") did not properly weigh plaintiff's treating physician's

opinion and the ALJ's mental capacity finding was not supported

by substantial evidence, remand is required.

         Presently before the court is plaintiff's motion for

judgment on the pleadings,(ECF No. 15, Plaintiff's Motion for

Judgment on the Pleadings; ECF No. 16, Plaintiff's Memorandum of
Law in Support of Plaintiff's Motion for Judgment on the
Pleadings ("Pl. Mem.")), defendant's cross-motion for judgment
on the pleadings and in opposition to plaintiff's motion for
judgment on the pleadings, (ECF No. 17, Defendant's Cross-Motion
for Judgment on the Pleadings; ECF No. 18, Defendant's
Memorandum of Law in Support of Defendant's Motion for Judgment
on the Pleadings and in Opposition to Plaintiff's Motion for
Judgment on the Pleadings ("Def. Mem.")), and plaintiff's reply
memorandum of law in support of plaintiff's motion for judgment
on the pleadings (ECF No. 19, ("Pl. Reply").)  For the reasons
stated below, plaintiff's motion is GRANTED, defendant's motion
is DENIED, and the case is remanded for further proceedings
consistent with this Memorandum and Order.

<u>**BACKGROUND**</u>

        The parties have submitted a joint stipulation of
facts detailing plaintiff's medical history and the
administrative hearing testimony, which the court incorporates
by reference.  (*See generally* ECF No. 19-1, Joint Stipulation of
Facts ("Stip.").)  On May 30, 2015, plaintiff filed an
application for DIB benefits.  (ECF No. 20, Administrative
Transcript ("Tr.") at 15.)  Mr. Selembo's alleged disability
onset date was July 27, 2014.  (Tr. at 15.)  Plaintiff claimed
he was disabled as a result of a slipped disk which occurred

around July 2014, resulting in back pain and pain in his left leg.  (*Id.* at 46; Stip. at 6.)  Plaintiff alleges that this severe pain led to issues with anxiety and depression.  (Stip. at 17.)  Plaintiff's application was denied on February 9, 2016. (*Id.*)

On February 13, 2018, Plaintiff requested a hearing before an ALJ.  (*Id.*)  On February 13, 2018, ALJ Jesus Ortis held a hearing in Baltimore, Maryland.  (*Id.* at 36.)  Plaintiff was represented by counsel, and a vocational expert ("VE"), Jessica Earl, was present and testified at the hearing.  (*Id.*)  On March 8, 2018, the ALJ denied Plaintiff's application, finding that Plaintiff was not disabled within the meaning of §§ 216(i) and 223(d) of the Social Security Act.  (Tr. 29.)  On April 16, 2018, Plaintiff requested a review of the ALJ's decision.  (Tr. 152-156.)  On March 18, 2019, the Appeals Council of the Office of Disability Adjudication and Review denied Plaintiff's request for review of the ALJ's decision, rendering the ALJ's decision the final decision of the Commissioner.  (Tr. 1.)

On May 16, 2019, plaintiff filed the instant action in federal court.  (*See generally* ECF No. 1, Complaint ("Compl.").) On May 21, 2019, this court issued a scheduling order.  (ECF No. 6, Scheduling Order.)  On December 9, 2019, the Commissioner filed a motion for extension of time to file the Commissioner's cross motion.  (ECF No. 12, Consent Motion for Extension of Time.)  On

December 10, 2019, the court granted the motion.  (Dkt. Order dated
12/10/2019.)

On March 27, 2020, plaintiff filed his notice of motion
and memorandum of law in support of plaintiff's motion for judgment
on the pleadings.  (ECF Nos. 15 and 16.)  On that same day,
defendant filed his cross-motion and memorandum of law in support
of defendant's cross-motion for judgment on the pleadings and in
opposition of plaintiff's motion for judgment on the pleadings.
(ECF Nos. 17 and 18.)  Later that same day, plaintiff filed her
reply memorandum of law.  (ECF No. 19.)

## **LEGAL STANDARD**

Unsuccessful claimants for disability benefits under
the Act may bring an action in federal district court seeking
judicial review of the Commissioner's denial of their benefits
"within sixty days after the mailing . . . of notice of such
decision or within such further time as the Commissioner of
Social Security may allow."  42 U.S.C. §§ 405(g), 1383(c)(3).  A
district court, reviewing the final determination of the
Commissioner, must determine whether the correct legal standards
were applied and whether substantial evidence supports the
decision.  *See Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir.
1998).

A district court may set aside the Commissioner's
decision only if the factual findings are not supported by

substantial evidence or if the decision is based on legal error. *Burgess v. Astrue,* 537 F.3d 117, 127 (2d Cir. 2008). "Substantial evidence is more than a mere scintilla," and must be relevant evidence that a "reasonable mind might accept as adequate to support a conclusion." *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004) (citing *Richardson v. Perales*, 420 U.S. 389, 401 (1971)) (internal quotation marks omitted).  If there is substantial evidence in the record to support the Commissioner's factual findings, those findings must be upheld. 42 U.S.C. § 405(g).  Inquiry into legal error "requires the court to ask whether 'the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act.'" *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009).  The reviewing court does not have the authority to conduct a *de novo* review, and may not substitute its own judgment for that of the ALJ, even when it might have justifiably reached a different result.  *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012).

To receive disability benefits, claimants must be "disabled" within the meaning of the Act.  *See* 42 U.S.C. §§ 423(a), (d).  A claimant is disabled under the Act when he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *Shaw v. Chater*, 221 F.3d 126, 131–32 (2d Cir. 2000).  The impairment must be of "such severity" that the claimant is unable to do his previous work or engage in any other kind of substantial gainful work.  42 U.S.C. § 423(d)(2)(A).  "The Commissioner must consider the following in determining a claimant's entitlement to benefits: '(1) the objective medical facts [and clinical findings]; (2) diagnoses or medical opinions based on such facts; (3) subjective evidence of pain or disability . . . ; and (4) the claimant's educational background, age, and work experience.'"  *Balodis v. Leavitt*, 704 F. Supp. 2d 255, 262 (E.D.N.Y. 2001) (quoting *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999)).

Pursuant to regulations promulgated by the Commissioner, a five-step sequential evaluation process is used to determine whether the claimant's condition meets the Act's definition of disability.  *See* 20 C.F.R. § 404.1520.  This process is essentially as follows:

> [I]f the Commissioner determines (1) that the claimant is not working, (2) that he has a 'severe impairment,' (3) that the impairment is not one [listed in Appendix 1 of the regulations] that conclusively requires a determination of disability, and (4) that the claimant is not capable of continuing in his prior type of work, the Commissioner must find him disabled if (5) there is not another type of work the claimant can do.

*Burgess*, 537 F.3d at 120 (internal quotation marks and citation omitted); *see also* 20 C.F.R. § 404.152(a)(4).

During this five-step process, the Commissioner must consider whether "the combined effect of any such impairment . . . would be of sufficient severity to establish eligibility for Social Security benefits." 20 C.F.R. § 404.1523. Further, if the Commissioner does find a combination of impairments, the combined impact of the impairments, including those that are not severe (as defined by the regulations), will be considered in the determination process. 20 C.F.R. § 416.945(a)(2). At steps one through four of the sequential five-step framework, the claimant bears the "general burden of proving . . . disability." *Burgess*, 537 F.3d at 128. At step five, the burden shifts from the claimant to the Commissioner, requiring that the Commissioner show that, in light of the claimant's Residual Functional Capacity ("RFC"), age, education, and work experience, the claimant is "able to engage in gainful employment within the national economy." *Sobolewski v. Apfel*, 985 F. Supp. 300, 310 (E.D.N.Y. 1997).

Lastly, federal regulations explicitly authorize a court, when reviewing decisions of the SSA, to order further proceedings when appropriate. "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner of Social Security, with or without remanding the cause for a rehearing."  42 U.S.C. § 405(g).  Remand is warranted where "there are gaps in the administrative record or the ALJ has applied an improper legal standard."  *Rosa v. Callahan*, 168 F.3d 72, 82-83 (2d Cir. 1999) (quoting *Pratts v. Chater*, 94 F.3d 34, 39 (2d Cir. 1996) (internal quotation marks omitted).  Remand is particularly appropriate where further findings or explanation will clarify the rationale for the ALJ's decision.  *Pratts*, 94 F.3d at 39.  However, if the record before the court provides "persuasive proof of disability and a remand for further evidentiary proceedings would serve no purpose," the court may reverse and remand solely for the calculation and payment of benefits.  *See, e.g.*, *Parker v. Harris,* 626 F.2d 225, 235 (2d Cir. 1980); *Kane v. Astrue*, 942 F. Supp. 2d 301, 314 (E.D.N.Y. 2013).

<u>**DISCUSSION**</u>

**I.   The ALJ's Disability Determination**

Using the five-step sequential process to determine whether a claimant is disabled as mandated by the regulations, the ALJ determined at step one that the plaintiff had not engaged in substantial gainful activity since July 27, 2014, the alleged onset date of her disabilities.  (Tr. at 17.)

At step two, the ALJ found that plaintiff suffered from severe impairments of degenerative disc disease,

dysfunction major joints—bilateral knee pain, status-post knee arthroscopies, and depression. (*Id.*)  The ALJ also determined that Plaintiff's combination of impairments was severe under 20 C.F.R. 404.1520(c) and noted that the Plaintiff's ability to perform basic work functions was significantly limited. (*Id.*)

At step three, the ALJ determined that plaintiff did not have an impairment or combination of impairments that meets or medically equals Medical Listing 1.02 (major disfunction of joints), Medical Listing 1.04 (disorders of the spine), or Medical Listing 12.04 (depressive, bipolar and related disorders). (*Id.* at 18.)  Specifically, plaintiff's knees did not meet the criteria set forth under 1.02 because the record "did not demonstrate gross anatomical deformity and chronic joint pain." (*Id.*)  Plaintiff also failed to meet the criteria set forth under 1.04 for spinal disorders based on the evidence in the record. (*Id.*)  The ALJ also determined that the criteria set forth in paragraph B of Medical Listing 12.04 for mental health conditions was not satisfied because the ALJ found that plaintiff had moderate (not marked) limitations in understanding, remembering, or applying information; concentrating, persisting, or maintaining pace. (*Id.* at 19.)

At step four, the ALJ found that plaintiff had the Residual Functional Capacity ("RFC"):

to perform sedentary work as defined in 20

> C.F.R. §404.1567(a) except he can occasionally
> climb ramps/stairs; never climb ladders,
> ropes, and scaffolds; and occasionally
> balance, stoop, kneel, crouch, and crawl. The
> [Plaintiff] can never work at unprotected
> heights. He can perform simple, routine tasks
> and simple work-related decisions. (Tr. 19.)

The ALJ concluded that although plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms were not entirely consistent with the medical evidence and other evidence in the record.  (Id. at 20.)  The ALJ compared plaintiff's testimony to plaintiff's medical records and determined that when plaintiff is provided with treatment, he has been successful in controlling disabling symptoms.  (Id. at 24.)  The ALJ concluded that plaintiff would be capable of performing a reduced range of sedentary exertional level work. (*Id.* at 26.)

At step five, the ALJ found that, based on plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that plaintiff can perform (20 C.F.R. 404.1569 and 404.1569(a)).  (*Id* at 27-28.)  The VE testified that plaintiff would be able to perform the requirements of occupations such as document preparer, final assembler, and table worker.  (*Id.* at 28.)  Thus, the ALJ concluded that

plaintiff was not disabled within the meaning of the Act, as defined in 20 C.F.R. § 404.1520(g) since July 27, 2014, through the date of the hearing.  (*Id.*)

## II. Treating Physicians' Opinions

Plaintiff challenges the ALJ's RFC determination based on the ALJ' weight of the treating medical sources' opinions. (Pl. Mem. at 16-19.)  The ALJ gave "great weight" to Dr. Trimba's opinion, "partial weight" to Dr. Lin's opinion, and "little weight" to the opinions of Dr. Georgiou and Dr. Schwab.

### a. Legal Standard

Under the treating physician rule, a "treating source's opinion on the issue of the nature and severity of a [claimant's] impairment(s) will be given 'controlling weight' if the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008)); 20 C.F.R. §§ 404.1527(c)(2).[1]  *See Molina v. Colvin*, No. 13-CV-4701, 2014 WL 3925303, at *2 (S.D.N.Y. Aug. 7, 2014) (finding the opinion of a treating physician "need

---

[1] Because plaintiff's application for disability and disability insurance benefits was filed before March 27, 2017, the recent changes reflected in C.F.R. § 404.1520c do not apply, and under C.F.R. § 404.1527(a)(2)(c), the treating source's opinion is generally assigned added or possibly controlling weight.

not be given controlling weight where [it is] contradicted by other substantial evidence in the record.").

An ALJ who does not accord controlling weight to the treating physician's medical opinion must consider various factors to determine how much weight to give to the opinion, including: "(i) the frequency of examination and the length, nature and extent of the treatment relationship; (ii) the amount of medical evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; and (iv) whether the opinion is from a specialist." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d. Cir. 2019) (quoting *Burgess*, 537 F.3d at 128); see 20 C.F.R. § 404.1527(c)(2); *see also Adukpo v. Berryhill*, 19-cv-2709 (BMC) 2020 WL 3410333, at *1 (E.D.N.Y. Jun. 22, 2020).

"The ALJ must then 'comprehensively set forth his reasons for the weight assigned to a treating physician's opinion.'" *Cichocki v. Astrue*, 534 F. Appx. 71, 74 (2d Cir. 2013) (quoting *Burgess*, 537 F.3d at 129). The regulations also require that the ALJ set forth "good reasons" for not crediting the opinion of the treating provider. *Cervini v. Saul*, 17-CV-2128 (JMA) 2020 WL 2615929 at *5 (E.D.N.Y. May 21, 2020) (citing *Schaal*, 134 F.3d 496, 503 (2d Cir. 1998)). Good reasons "reflect in substance the factors as set forth in [Section] 404.1527(d)(2), even though the ALJ declines to examine the factors with explicit reference to the regulation." *Abate v. Comm'r*, 18-CV-2040 (JS), 2020 WL 2113322,

at *4 (E.D.N.Y. May 4, 2020); *Atwater v. Astrue*, 512 F. App'x 67, 70 (2d Cir. 2013) ("We require no such slavish recitation of each and every factor where the ALJ's reasoning and adherence to the regulation are clear."). Further, "[t]he failure to provide 'good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand.'" *Greek*, 802 F.3d at 375 (quoting *Burgess*, 537 F.3d at 129-30).

### A. Dr. Frank Schwab, Orthopedic Surgeon, and Dr. Trimba, Physiatrist

In assessing the weight assigned to Dr. Schwab's opinion, ALJ Ortis concluded that Dr. Schwab's assessment that plaintiff should not return to work was "intended as a temporary restriction, not an overall assessment of the claimant's longitudinal ability to function." (Tr. at 26.) Though the ALJ may be correct, the ALJ failed to note Dr. Schwab's long and involved treatment relationship with the plaintiff and instead only focused on Dr. Schwab's medical source statement from August 2014. (*Id.*) Dr. Schwab, however, was treating plaintiff through 2015 and operated on plaintiff's herniated discs in November 2014. (Tr. 349-354.) The ALJ makes a conclusory statement in assessing Dr. Schwab's medical opinion, fails to assess whether the medical opinion is inconsistent with the record as a whole, and does not provide "good reasons" for according limited weight to Dr. Schwab's opinion regarding plaintiff's disability.

The ALJ instead chooses to accord "great weight" to the opinion of Dr. Trimba, the consultative examiner.  (Tr. at 25.) Based on one examination with the plaintiff on February 3, 2016, Dr. Trimba opined that plaintiff "has moderate limitation in his ability to climb steps, push, stand, and walk for a prolonged time" and that plaintiff should avoid "frequent bending" and "squatting and kneeling."  (*Id.*; Stip. at 20-21.)  The Second Circuit has cautioned that "ALJs should not rely heavily on the findings of consultative physicians after a single examination." *Selian v. Astrue*, 708 F.3d 409, 419 (2d Cir.2013). And where only one consultant disagrees with the treating physician, the latter's opinion should ordinarily remain controlling. *See Rankov v. Astrue*, No. 11-CV-02534 (CBA), 2013 WL 1334085 at *9 (E.D.N.Y. Mar.30, 2013).

Where a plaintiff's medical sources have differing RFC opinions, "[a]n ALJ's failure to reconcile such materially divergent RFC opinions of medical sources is [ ] a ground for remand." *Cabassa v. Astrue*, No. 11-CV-1449, 2012 WL 2202951, at *7 (E.D.N.Y. June 13, 2012).  This is especially true where the ALJ discounts the opinion of the treating physician. *See Kennedy v. Astrue*, 343 F. App'x 719, 721 (2d Cir.2009) (summary order) ("Where an ALJ fails properly to acknowledge [the treating physician rule] or to provide 'good reasons' for the weight given

to the treating physician's opinion, we do not hesitate to remand."
(citation omitted)).

Because the ALJ has neither acknowledged nor applied the
treating physician rule or discussed with any specificity the
factors he should have considered in evaluating the treating
physician's opinion, remand is appropriate.  Though the medical
record may provide good reasons for favoring Dr. Trimba's opinion,
under the treating physician rule, the ALJ must explain these
reasons.  On remand, the ALJ must state his findings and provide
good reasons for the weight he accords to Dr. Schwab's opinion
with reference to specific elements of the medical record.  The
ALJ shall consider and discuss his application of the factors set
out in 20 C.F.R. §§ 404.1527(c)(2)-(6).  Finally, the ALJ shall
reconcile Dr. Schwab's opinion with that of Dr. Trimba and any
other relevant medical evidence and opinions in the record,
explaining what evidence he relied on in making his determination.

### B.  Dr. Lin, Neurologist

ALJ Ortis gave Dr. Lin's medical opinion "partial
weight," (Tr. at 25), because Dr. Lin "merely checked off boxes on
a form rather than provide an explanation for the limitations
given." (*Id.*)  The ALJ also determined that because Dr. Lin did
not opine on plaintiff's ability to perform work-related tasks,
the lack of an opinion was inconsistent with Dr. Lin's opinions as
a whole.  (*Id.*)

- 15 -

It is true that a checklist-type form does not provide a great deal of medical evidence and may warrant giving the opinion less weight. *See Halloran v. Barnhart*, 362 F.3d 28, 31 n. 2 (2d Cir. 2004)(finding the standardized form only "marginally useful" for assessing the record). However, along with the standardized form, Dr. Lin also included some handwritten notes on the checklist, (Tr. at 493-497), and separately provided a summary of his assessment of plaintiff's MRI and his plan for plaintiff's condition. (Tr. 501-503.) On the checklist, Dr. Lin wrote "patient is limited due to pain . . . in the back and radiates to the lower extremity." (Tr. 501.) Dr. Lin determined that the MRI showed "multi-level degenerative changes without significant canal stenosis or cord compression." (Tr. 503.) Based on the MRI, the ALJ found that plaintiff has "multi-level degenerative disease of the spine" and that his pain "will be best managed under conservative therapy" and Dr. Lin referred plaintiff to pain management. (*Id.*) The ALJ apparently did not consider, much less comment on the inclusion of the handwritten notes, nor Dr. Lin's report after assessing the MRI. (*Id.* 25.)

The ALJ acknowledges that Dr Lin is an "acceptable medical source with a treating relationship with the claimant," (*Id.*), but makes a conclusory determination that Dr. Lin's opinion that plaintiff is limited in his ability to stand and

walk "does not sufficiently account for plaintiff's back and knee pain." (*Id.*)  ALJ Ortis failed to consider the *Burgess* factors, such as the length, frequency, nature or extent of Dr. Lin's relationship with the plaintiff, or provide a persuasive rationale supporting the weight given. *See Burgess v. Astrue,* 537 F.3d 117, 128 (2d Cir. 2008); *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015); *Balodis v. Leavitt*, 704 F. Supp. 2d 255, 268 (E.D.N.Y. 2010) (citing *Risitano v. Comm'r of Soc. Sec.*, No. 06-CV-2206(FB), 2007 WL 2319793, at *5 (E.D.N.Y. Aug. 9, 2007) (remanding the case and directing the ALJ to "identify the evidence [the ALJ] did decide to rely on and thoroughly explain ... the reasons for his decision" if the ALJ did not intend to rely on the opinions of plaintiff's treating physicians); *Torregrosa v. Barnhart*, No. CV-03-5275(FB), 2004 WL 1905371, at *6 (E.D.N.Y. Aug. 27, 2004) (remanding because "(1) there is a reasonable basis to doubt whether the ALJ applied the correct legal standard in weighing the opinions of [the treating physicians], and (2) the ALJ failed to give good reasons for the weight, or lack thereof, given to those opinions").)

Accordingly, remand is warranted because the ALJ did not any provide "good reasons" for giving the treating physician's opinions less weight.  Instead, the ALJ primarily relied on the format in which the treating physician's opinion was rendered.  At the very least, ALJ should provide reasons why

Dr. Lin's opinion, in whichever format, should not be given controlling weight.  On remand, the ALJ must explain his consideration of Dr. Lin's opinions on the form and in his notes and other records, a statement of the weight given to those opinions, and good reasons for the ALJ's decision.

### C. Dr. Georgiou, Psychologist

ALJ Ortis gave "little weight" to Dr. Georgiou's opinion that plaintiff's mental health difficulties may interfere with plaintiff's ability perform daily functions and that plaintiff has "difficulty relating with others at this time and dealing with stress." (Tr. 25.)  The ALJ considered the longevity Dr. Georgiou's treatment relationship with plaintiff and stated that the opinion was based on a "one-time evaluation," and that Dr. Georgiou did not have "the longitudinal relationship with the claimant to assess his overall level of functioning." (*Id.*)  ALJ Ortis also found that Dr. Georgiou's opinion was inconsistent with her own findings because Dr. Georgiou noted plaintiff's positive relationships with family and noted that plaintiff "recalled three of three objects immediately" and "recalled seven digits forward and three backwards." (*Id.* at 26.)

The ALJ failed to assess Dr. Georgiou's diagnosis that plaintiff had "unspecified depressive disorder" and her recommendation that plaintiff would benefit from "psychiatric

and psychological treatment." (Id. at 506.)  The ALJ also
failed to assess the noted depressive symptoms including
"feeling dysphoric, irritable, frustrated, unhappy, and
disappointed." (*Id*. at 504.)

      The court finds that the ALJ cherry-picked parts of
Dr. Georgiou's medical opinion that supported the conclusion,
while ignoring the portions of the opinion that did not further
corroborate the findings. *See Artinian v. Berryhill*, No. 16-cv-
4404, 2018 WL 401186, at *8 (E.D.N.Y. Jan. 12, 2018).  The court
is cognizant that an ALJ may "only credit portions of
a medical source opinion, or weigh different parts of
the opinion differently," however, the ALJ must always
"provid[e] sound reasons for the discrepancy." *Destina,* 2018 WL
4964103, at *7.  Here, the ALJ did not provide any reasons at
all for the selective cherry-picking of Dr. Georgiou's opinion.
*See Clarke v. Colvin*, No. 15-cv-354, 2017 WL 1215362, at *9
(S.D.N.Y. Apr. 3, 2017) (quoting *Rodriguez v. Astrue*, No. 07-cv-
534, 2009 WL 637154, at *25 (S.D.N.Y. Mar. 9, 2009) (An "ALJ may
not 'pick and choose evidence which favors a finding that the
claimant is not disabled.'").

      Accordingly, the court finds that the ALJ improperly
accorded little weight to the opinions and findings of Dr.
Georgiou.  On remand, the ALJ is directed to comprehensively
weigh and apply the regulatory factors and consider the record

in its entirety to determine the weight of Dr. Georgiou's
opinion.  If the ALJ determines that Dr. Georgiou's opinion is
not entitled to controlling weight, the ALJ "must nonetheless
articulate a basis for the alternative weight assigned." *Knight
v. Comm'r,* 18-CV-2474 (KAM) 2020 WL 3085778 at *7 (E.D.N.Y. Jun.
10, 2020).

### D.  Dr. Li, Pain Management

Plaintiff contends that the ALJ "failed to properly
consider medical records from Dr. Wensong Li" and "these records
provide important clinical findings." (Pl. Mem. at 20.)  Remand
is required because ALJ Ortis failed to state how much weight he
accorded the opinion of Dr. Li, and if he gave Dr. Li's opinion
less than controlling weight, he failed to provide good reasons
for doing so.  Here, Dr. Li treated plaintiff from June 2015
through October 2017.  (Stip. at 9-17.)  During plaintiff's
visits with Dr. Li, plaintiff complained of pain in his lower
back and received injection treatments for the pain.  (*Id.*)  Dr.
Li consistently advised plaintiff to avoid heavy lifting and
carrying due to his condition.  (*Id.*)  Dr. Li's diagnoses were
"lumbar spondylosis, lumbosacral neuritis, post laminectomy
syndrome, lumbar disc displacement, spinal stenosis, [and] other
chronic pain."  (Stip. at 10.)

When controlling weight is not given to a treating
physician's opinion, the Regulations require the ALJ to

"comprehensively set forth reasons for the weight assigned to a treating physician's opinion." *Halloran*, 362 F.3d at 33; *see also Jeffcoat v. Astrue*, No. 09-CV-5276, 2010 WL 3154344, at 14 (E.D.N.Y. Aug.6, 2010) (remanding because the ALJ failed to comprehensively set forth his reasons for the weight assigned to the treating physician's opinions because he failed to state what weight he accorded to the opinion or to consider the guiding factors); 20 C.F.R. § 404.1527(d)(2) (the Commissioner "will always give good reasons in [its] notice of determination or decision for the weight [given to a] treating source's opinion.")(emphasis added).

ALJ Ortis failed to provide good reasons for the weight, or lack of weight, given to Dr. Li's opinion and is directed to comprehensively weigh and apply the regulatory factors and consider the record in its entirety to determine the weight of Dr. Li's opinion. If the ALJ determines that Dr. Li's opinion is not entitled to controlling weight, the ALJ "must nonetheless articulate a basis for the alternative weight assigned." *Knight v. Comm'r,* 18-CV-2474 (KAM) 2020 WL 3085778 at 7 (E.D.N.Y. Jun. 10, 2020).

## III.  Evaluation of Plaintiff's Subjective Statements

Plaintiff contends that the ALJ "failed to properly consider relevant medical and other evidence in evaluating the Plaintiff's symptoms of pain." (Pl. Mem. at 20.) Defendant,

however, argues that plaintiff's complaints were inconsistent with the medical evidence in the record.  (Def. Mem. at 15-16.) Because this court has determined that remand is necessary given the ALJ's failure to properly weigh the treating physicians' opinions, the ALJ shall newly consider plaintiff's subjective complaints once proper consideration is given to the treating physicians.

## CONCLUSION

For the reasons previously set forth, the court grants plaintiff's motion for judgment on the pleadings; denies defendant's cross-motion for judgment on the pleadings; and remands this case for further proceedings consistent with this Memorandum and Order.  The Clerk of Court is respectfully directed to close this case and enter judgment in favor of plaintiff. **SO ORDERED.**

Dated:   April 15, 2021
         Brooklyn, New York

                              _____//s//_____
                              Kiyo A. Matsumoto
                              United States District Judge